UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | |
|---|---|
| DELON ADAMS, ) | |
| ) | |
| Movant ) | |
| v. ) | Criminal No. 02-064-P-H |
| ) | |
| ) | Civil No.  05-138-P-H |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent ) | |

## RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION

Delon Adams has filed a motion pursuant to 28 U.S.C. § 2255 seeking to vacate his July 14, 2003, convictions for possession of a firearm by a prohibited person in violation of 18 U.S.C. § 922(g)(1) and using and carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c).  Adams claims his counsel rendered ineffective assistance by not challenging, either at sentencing or on appeal, the court's classification of his prior convictions for attempted aggravated assault and attempted burglary of a residence as crimes of violence.  In Grounds One and Two of his motion Adams attempts to mount straight-up attacks on the court's treatment of these prior convictions.  Finally, Adams maintains his counsel rendered ineffective assistance by not objecting to or appealing an alleged "double counting" of a firearm as a weapon enhancement in connection with the § 924(c) "using and carrying" conviction.  I now recommend the court **DENY** Adams 28 U.S.C. § 2255 relief.

*Discussion*

*The Claims Related to the Prior Convictions*

Adams's criminal record included Maricopa County (Arizona) Superior Court convictions for attempted aggravated assault and attempted burglary, second degree, of a residence. Based in part upon these convictions, the Presentence Investigation Report (PSR) calculated a base offense level of 24 under United States Sentencing Guideline § 2K2.1 for his felon-in-possession offense. (PSR ¶ 14.) That guideline provides for the enhanced level of 24 if a defendant committed any part of the instant offense after having at least two felony convictions for crimes of violence. (Id.) Adams now maintains these convictions should not have been considered as crimes of violence under the guidelines and that therefore the base offense level of 24 was improperly calculated. While Adams did appeal his conviction, this particular guideline claim was not raised on appeal and, thus, is procedurally defaulted. This sort of mine-run guideline claim is ordinarily not cognizable under 28 U.S.C. § 2255. See Knight v. United States, 37 F.3d 769, 773 (1st Cir. 1994) (noting that ordinary errors that could and should have been raised on direct appeal will not be considered in a collateral 28 U.S.C. § 2255 attack).

Of course Adams's constitutional claim that his counsel rendered ineffective assistance under the Sixth Amendment by not raising these claims either at sentencing or on direct appeal is cognizable in a § 2255 proceeding. Under the familiar Strickland v. Washington paradigm, it is incumbent upon Adams to show both that his counsel's performance was deficient and that he was prejudiced as a result of the deficient performance. 466 U.S. 668, 684 (1984)

2

The crux of Adams's argument relating to the Arizona convictions relates to the conviction for attempted aggravated assault.  The Arizona offense of conviction is described in the Maricopa County judgment as follows:  "(Amended) COUNT I: ATTEMPTED AGGRAVATED ASSAULT, a class 4 felony, nondangerous and nonrepetitive offense in violation of A.R.S. § 13-1204 (A)(2)(B), 1203 (A)(2), 701, 702, 801, 812 committed on 3-28-90."  (See Gov't Resp. Ex. 2, Docket No. 5.)  Adams maintains that the non-dangerous language was inserted into the judgment as a result of a plea agreement and he submits in support of this claim a copy of the court record showing the prosecution's agreement to dismiss the allegation of dangerousness contained within the original complaint.  (See Sec. 2255 Mot. Ex. 2.)  According to Adams this language means that at the time he pled guilty in Arizona he understood he was pleading to an offense that "involved no exposure to harm anyone, person, or property."  (Id. at 8.)

Although Adams fashions his arguments in reliance upon Shepard v. United States, ___ U.S. ___, 125 S. Ct. 1254 (2005), these facts do not present an issue under Shepard.  That case requires that the federal sentencing court limit its inquiry regarding prior convictions to statutory elements, charging documents, and other court records.  There is no suggestion in this record that the sentencing court looked beyond the record of the Arizona conviction.  The issue presented here is whether the insertion of the words "nondangerous and nonrepetitive offense" into the Arizona judgment of conviction renders that conviction as one other than a crime of violence under the United States Sentencing Guidelines and, if so, was counsel ineffective for failing to raise this issue with the sentencing court and on appeal.

Initially it could not be clearer that attempted burglary of a residence and attempted aggravated assault, the two prior convictions that Adams maintains his attorney should have challenged, qualify as crimes of violence for guidelines purposes. United States Sentencing Guidelines § 4B1.2 defines "crime of violence" in the following manner:

> The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding one year, that –
> (1)  has as an element the use, attempted use, or threatened use of physical force against the person of another, or
> (2)  is burglary of a dwelling, arson, extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

(U.S.S.G. § 4B1.2(a). There is no dispute that the two Arizona convictions were punishable by imprisonment for a term exceeding one-year. Nor is there any dispute that the attempted burglary involved a residential structure based on the language in the charging document, thus falling squarely within subsection (a)(2). (Gov't Resp. Ex. 1.) The charging documents also plainly state that, as an element of the attempted aggravated assault, Adams intentionally attempted to place another in reasonable apprehension of imminent physical injury (id. Ex. 2), thus satisfying the criteria of subsection (a)(1). The Sentencing Guidelines' definition of crime of violence states nothing regarding the dangerousness or repetitive nature of the offense. The federal government has determined the allegation of the threatened use of force meets the definition of crime of violence. Adams's argument that the plea agreement in Arizona should delimit these findings of dangerousness is to no avail.

Because his argument that the two Arizona convictions were improperly used under the Sentencing Guidelines can gain no traction, his argument that his attorney was ineffective because he did not raise these issues at sentencing and on appeal fails.

### *The Claim Relating to the Improper Use of the Firearm Sentencing Enhancement*

Adams also claims his attorney was ineffective because he did not challenge the use of the firearm enhancement provision imposed under United States Sentencing Guideline § 2K2.1(b)(5), resulting in a four-level increase in the guideline computation for the felon in possession of a firearm charge because "the defendant used or possessed any firearm or ammunition in connection with another felony offense." According to Adams the use of this enhancement was inappropriate under the terms of Amendment 599. Amendment 599, which became effective on November 1, 2000, was intended to clarify under what circumstances defendants sentenced for violations of 18 U.S.C. § 924(c) in conjunction with convictions for other offenses may receive weapon enhancements contained in the guidelines for those other offenses.

In the underlying criminal case Adams was charged in three counts of an indictment. Count One alleged that on March 18, 2002, Adams was a felon-in-possession of a Sturm Ruger 9 mm pistol, in violation of 18 U.S.C. § 922(g)(1) and § 924. In Count Two, Adams was charged with using and carrying the pistol during and in relation to a drug trafficking robbery crime on February 6, 2002, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Finally, Count Three alleged that Adams used and carried the same firearm during a second drug robbery crime on February 12, 2002, in violation of the same statute. On December 6, 2002, the federal jury returned verdicts of guilty on Counts One and Two, and not guilty on Count Three. The Court sentenced Adams to a

term of 120 months in prison on Count One, to be followed by a three-year supervised release term. A consecutive 84-month prison term and five years of supervised release were imposed on Count Two.

It would have been an improper application of the enhancement if Adams had received the four-level enhancement on the felon-in-possession charge based upon the same conduct that served as the basis for the § 924(c) conviction. The "double counting" the amendment seeks to rectify is the "double counting" that would occur if the court were to impose the statutorily mandated penalty of § 924(c) in addition to the guideline enhancement apropos an underlying offense. Imposing the guideline enhancement based upon the acquitted conduct (or a totally unrelated state felony as the Government alleges here) does not run afoul of Amendment 599. According to the Commission:

> Guideline weapon enhancements may be applied . . . when determining the sentence for counts of conviction outside the scope of relevant conduct for the underlying offense (e.g., a conviction for a second armed robbery for which no 18 U.S.C. § 924(c) conviction was obtained).

U.S.S.G. app. C (Vol. II) at 70 (2003). The second robbery in this case was clearly a robbery for which no § 924(c) conviction was obtained. Consequently, reliance upon that robbery for the weapon enhancement was proper. Accordingly, defense counsel did not perform deficiently when he failed to challenge a properly imposed enhancement. See Strickland, 466 U.S. at 684.

### *Conclusion*

For the reasons above I recommend that the Court **DENY** this 28 U.S.C. § 2255 motion.

## NOTICE

       A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within ten (10) days of being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.

       Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

December 19, 2005.

                                        /s/Margaret J. Kravchuk
                                        U.S. Magistrate Judge